DOWNEY BRAND LLP
ANTHONY L. VIGNOLO (Bar No. 203933)
JENNIFER L. WILLIAMS (Bar No. 261037)
KARINA R. STANHOPE (Bar No. 307147)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone: 916.444.1000
Facsimile: 916.444.2100
avignolo@downeybrand.com
jwilliams@downeybrand.com
kstanhope@downeybrand.com

Attorneys for Plaintiff
STILLPATH RETREAT CENTER LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STILLPATH RETREAT CENTER LLC,<br><br>Plaintiff,<br><br>and<br><br>AMERICAN ADDICTION CENTERS, INC.,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>COUNTY OF SAN MATEO,<br><br>Defendant. | Case No.  3:15-cv-01386-MMC<br><br>**DECLARATION OF RAYMOND BLATT IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:        February 17, 2017<br>Time:       9:00 a.m.<br>Dept.:       7<br>Judge:      Honorable Maxine Chesney<br><br>Trial:         April 10, 2017<br>Filed:        March 25, 2015 |

I, Raymond Blatt, declare:

1.  I am a representative of Stillpath Retreat Center LLC ("Stillpath") whose is the Plaintiff in the above-captioned lawsuit.  I have personal knowledge of the facts stated in this declaration, and I would testify to these facts if called upon to do so.

2.  In 2013, on Stillpath's behalf, I began negotiations to purchase property located on Skyline Boulevard (the "Property") in San Mateo County (the "County") with the intention of using the Property as a residential non-medical treatment facility for individuals recovering from

1

drug and alcohol addiction pursuant to California Health & Safety Code §§ 11750 *et seq*. On February 7, 2014, Stillpath officially closed escrow on the Property.

3. During Stillpath's due diligence process for the proposed purchase of the Property, I met with County Senior Planner Michael Schaller ("Schaller") to discuss the proposed use. In particular, pursuant to conversations I had with the California Department of Alcohol and Drug Programs in 2013, I told Schaller that I learned that Stillpath could not obtain a license to run a treatment facility until it had local approval. It was not until 2014 that, due to the Department of Alcohol and Drug Programs being collapsed into the Department of Health Care Services, a rule change allowed me to obtain a license even without local approval. Thus, in October 2014, I applied for a license for Stillpath. And, in June 2015, Stillpath was granted a license valid through May 31, 2017.

4. I later received an email from Schaller confirming that the Planning Department had determined that the proposed use was compatible with the existing use permit for the Stillheart Institute. A true and correct copy of this email is submitted as **Exhibit 8** in support of Stillpath's Motion for Partial Summary Judgment. Thereafter, Schaller advised he could not provide written confirmation of the compliant use in a manner more formal than an email. Thus, I decided to proceed with filing an application for an amendment to the conditional use permit.

5. Accordingly, on July 29, 2013, on Stillpath behalf, I filed its application to change the use of the Property, without any physical changes being proposed, from a retreat facility to a treatment facility. A true and correct copy of that application is submitted as **Exhibit 20** in support of Stillpath's Motion for Partial Summary Judgment.

6. J.R. Rodine ("J.R."), a former member of the County's Planning Commission, had previously served as the consultant for Stillheart's land use matters and was recommended by Stillheart to me to provide assistance to Stillpath with respect to the application process. J.R. would periodically provide me with detailed invoices for his help. True and correct copies of relevant billing invoices I received are submitted as **Exhibit 29** in support of Stillpath's Motion for Partial Summary Judgment.

///

7. A true and correct copy of the most recent renewal of the Property's conditional use permit, which was approved in October 2011 and is a part of the administrative record, and which includes the conditions of the conditional use permit, is submitted as **Exhibit 12** in support of Stillpath's Motion for Partial Summary Judgment.

8. In December 2013, I received from the County Planning Staff a copy of the "Supplemental Staff Report" submitted to the Planning Commission prior to its continued hearing on the Amendment scheduled for December 11, 2013. A true and correct copy of that report, including attachments, which the County produced and which is a part of the administrative record, is submitted as **Exhibit 45** in support of Stillpath's Motion for Partial Summary Judgment. Among other things, attached to that report as Attachment C is a letter I sent on November 23, 2013, to the Planning Commission detailing Stillpath's fire safety and smoking policy.

9. In January 2014, I received from the County Planning Staff a copy of the "Supplemental Staff Report" submitted to the Planning Commission prior to its continued hearing on the Amendment scheduled for January 22, 2014. A true and correct copy of that report, including attachments, which Stillpath produced and which is a part of the administrative record, is submitted as **Exhibit 46** in support of Stillpath's Motion for Partial Summary Judgment.

10. After the County Planning Commission approved the Amendment at the hearing on January 22, 2014, the County sent me a letter acknowledging the approval, and including the findings and conditions of approval. A true and correct copy of that letter, with attachments, which is a part of the administrative record, is submitted as **Exhibit 47** in support of Stillpath's Motion for Partial Summary Judgment.

11. In February 2014, I received a copy of the Community of Interested Neighbors' January 30, 2014, appeal of the County Planning Commission's January 22, 2014, approval of the Amendment. A true and correct copy, including attachments, of that appeal, which the County produced and which is a part of the administrative record, is submitted as **Exhibit 48** in support of Stillpath's Motion for Partial Summary Judgment.

///

3

12. In February 2014, I also received a copy of the Skyline Neighborhood Coalition's January 31, 2014, appeal of the County Planning Commission's January 22, 2014, approval of the Amendment. A true and correct copy, including attachments, of that appeal, which the County produced and which is a part of the administrative record, is submitted as **Exhibit 49** in support of Stillpath's Motion for Partial Summary Judgment.

13. In March 2014, I received from the County Planning Staff recommendations dated March 17, 2014, which were provided to the Board of Supervisors ("Board") via inter-departmental correspondence prior to the March 24, 2014, Board's hearing. A true and correct copy, including attachments, of those recommendations, which the County produced and which is a part of the administrative record, is submitted as **Exhibit 17** in support of Stillpath's Motion for Partial Summary Judgment.

14. On March 24, 2014, I attended the Board's hearing regarding the appeals of the Amendment. A true and correct copy of a transcript of the hearing, which is a part of the administrative record, is submitted as **Exhibit 37** in support of Stillpath's Motion for Partial Summary Judgment.

15. In March 2014, I received from the County a "Final Letter of Decision" dated March 27, 2014, which stated that the Board of Supervisors had granted the appeals and denied the Amendment. A true and correct copy of that letter, including attachments, is submitted as **Exhibit 38** in support of Stillpath's Motion for Partial Summary Judgment.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of January 2017 at Stockton, California.

_____
RAYMOND BLATT