1
JAMES M. WAGSTAFFE (95535)
MICHAEL VON LOEWENFELDT (178665)
2
MARIA RADWICK (253780)
MELISSA PERRY (305600)
3
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
4
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
5
Fax: (415) 371-0500
Email: wagstaffe@kerrwagstaffe.com
6
Email: mvl@kerrwagstaffe.com
Email: radwick@kerrwagstaffe.com
7
Email: perry@kerrwagstaffe.com

8
JOHN C. BEIERS, COUNTY COUNSEL (144282)
DAVID A. SILBERMAN, CHIEF DEPUTY (211708)
9
KIMBERLY MARLOW, DEPUTY (130342)
**OFFICE OF THE COUNTY COUNSEL**
10
400 County Center, 6th Floor
Redwood City, CA  94063
11
Telephone: (650) 363-4757
Fax: (650) 363-4034
12
Email: jbeiers@smcgov.org
Email: dsilberman@smcgov.org
13
Email: kmarlow@smcgov.org

14
Attorneys for Defendant
COUNTY OF SAN MATEO
15

16
### UNITED STATES DISTRICT COURT

17
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 18  STILLPATH RETREAT CENTER LLC, a California limited liability company, | Case No. 3:15-cv-01386-MMC |
| 19          Plaintiff, | **DECLARATION OF MARIA RADWICK IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| 20  and | |
| 21  AMERICAN ADDICTION CENTERS, INC., a Nevada corporation, | DATE: February 17, 2017 |
| 22          Plaintiff-Intervenor, | TIME: 9:00 AM |
| 23  | LOCATION:  Courtroom 7, 19th Floor |
| 24          v. | JUDGE: Hon. Maxine M. Chesney |
| 25  COUNTY OF SAN MATEO, a California municipality, | |
| 26  | |
| 27          Defendant, | |
| 28 | |

I, Maria Radwick, hereby declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court.  I am an associate at Kerr & Wagstaffe LLP, counsel for Defendant County of San Mateo (the "County") in this action.  During the course of my representation of the County I have obtained personal knowledge of the following matters and, if called as a witness, I could and would competently testify thereto.

2.      A true and correct copy of the transcript of the Board of Supervisors hearing held on March 25, 2014 is attached hereto as Exhibit A.

3.      A true and correct copy of excerpts from the Deposition of Frederick-Arn Hansson, taken on January 11, 2016, is attached hereto as Exhibit B.

4.      A true and correct copy of excerpts from the Deposition of Debbie Gisonni on behalf of the Stillheart Institute, taken on December 5, 2016, is attached hereto as Exhibit C.

5.      A true and correct copy of excerpts from the Deposition of Stillpath Retreat Center LLC ("Stillpath"), taken on December 6, 2016, is attached hereto as Exhibit D.

6.      A true and correct copy of excerpts from the Deposition of Raymond Blatt, taken on December 9, 2016, is attached hereto as Exhibit E.

7.      A true and correct copy of excerpts from the Deposition of Don Horsley, taken on February 26, 2016, is attached hereto as Exhibit F.

8.      A true and correct copy of excerpts from the Deposition of Dave Pine, taken on January 20, 2016, is attached hereto as Exhibit G.

9.      A true and correct copy of excerpts from the Deposition of Carole Groom, taken on February 19, 2016, is attached hereto as Exhibit H.

10.      A true and correct copy of excerpts from the Deposition of Adrienne Tissier, taken on February 11, 2016, is attached hereto as Exhibit I.

11.      A true and correct copy of excerpts from the Deposition of Warren Slocum, taken on January 21, 2016, is attached hereto as Exhibit J.

12.      A true and correct copy of excerpts from the Deposition of Gail Slocum, taken on

1   February 9, 2016, is attached hereto as Exhibit K.

2        13.    A true and correct copy of excerpts from the Deposition of Christopher Ranken,

3   taken on January 11, 2016, is attached hereto as Exhibit L.

4        14.    A true and correct copy of excerpts from the Deposition of Michael Schaller,

5   taken on January 19, 2016, is attached hereto as Exhibit M.

6        15.    A true and correct copy of excerpts from the Deposition of J.R. Rodine, taken on

7   April 20, 2016, is attached hereto as Exhibit N.

8        16.    A true and correct copy of excerpts from the Deposition of Dr. Brigitte Lank,

9   taken on December 30, 2016, is attached hereto as Exhibit O.

10       17.    A true and correct copy of Stillpath's Response to County of San Mateo's

11  Interrogatories, Set One with corresponding verification is attached hereto as Exhibit P.

12       18.    A true and correct copy of Stillpath's Further Response to County of San Mateo's

13  Interrogatories, Set One is attached hereto as Exhibit Q.

14       19.    A true and correct copy of the email dated July 12, 2013 from Debbie Gisonni to

15  Ray Blatt, produced by Stillpath to the County in discovery and marked as Exhibit 139 at the

16  Deposition of J.R. Rodine, is attached hereto as Exhibit R.

17       20.    A true and correct copy of the email dated August 26, 2013 from J.R. Rodine to

18  Ray Blatt, produced by Stillpath to the County in discovery and marked as Exhibit 140 at the

19  Deposition of J.R. Rodine, is attached hereto as Exhibit S.

20       21.    A true and correct copy of the email dated January 3, 2014 from J.R. Rodine to

21  Ray Blatt, produced by Stillpath to the County in discovery and marked as Exhibit 147 at the

22  Deposition of J.R. Rodine, is attached hereto as Exhibit T.

23       22.    A true and correct copy of the email dated July 8, 2015 from Ray Blatt to Michael

24  Cartwright, produced by Stillpath to the County in discovery and marked as Exhibit 162 at the

25  Deposition of Ray Blatt, is attached hereto as Exhibit U.

26       23.    A true and correct copy of the Purchase Agreement for the Property, produced by

27  Stillpath to the County in this litigation and marked as Exhibit 180 at the 30(b)(6) Deposition of

28

2

1    Stillpath, is attached hereto as Exhibit V.

2         24.    A true and correct copy of the Stillpath Utilization Table for Clinical and

3    Professional Staff, produced by the County in this litigation and marked as Exhibit 192 at the

4    Deposition of Ray Blatt, is attached hereto as is attached hereto as Exhibit W.

5         25.    A true and correct copy of a letter from Ray Blatt to Mike Schaller dated April 21,

6    2013, produced by Stillpath to the County in discovery and marked as Exhibit 210 at the

7    Deposition of Ray Blatt, is attached hereto as Exhibit X.

8         26.    A true and correct copy of Stillpath's presentation to the Board of Supervisors,

9    produced by Stillpath to the County in discovery and marked as Exhibit 235 at the Deposition of

10   Ray Blatt, is attached hereto as Exhibit Y.

11        27.    Christopher Ranken was deposed by counsel for Stillpath on January 11, 2016.  I

12   attended the deposition.  During his examination of Mr. Ranken, counsel for Stillpath used

13   documents that, on information and belief, Mr. Ranken had produced to them in advance of the

14   deposition, including documents that contained redactions.  Mr. Ranken did not provide the

15   County's counsel a copy of the documents he had provided to Stillpath in response to the

16   subpoena either before or after the deposition.  At the time of the deposition, Counsel for the

17   County requested a copy of the documents that Mr. Ranken had provided to Stillpath, and

18   objected to questions based on the use of the documents that had not been produced to the

19   County.

20        28.    After counsel for Stillpath finished deposing Mr. Ranken, counsel for the County

21   began asking questions of the witness.  However, the County's counsel was unable to finish his

22   questions because the deposition had to be adjourned by a certain time and continued on a

23   different date in order to take the pre-arranged deposition of another witness scheduled for the

24   same day.

25        29.    On January 13, 2016, James Wagstaffe, a partner at Kerr & Wagstaffe LLP and

26   counsel for the County in this case received a call from Mr. Ranken.  I was in Mr. Wagstaffe's

27   office at the time of the call and he introduced me as being present.  Mr. Wagstaffe told Mr.

28

3

1    Ranken that our office will be arranging with him a continued date for his deposition and that we

2    likely would be formally asking him to bring further documents to the renewed session.  Mr.

3    Ranken indicated that he will await a call from our office.

4         30.    On March 7, 2016, our office received from Stillpath's counsel a copy of

5    documents that had been produced to Stillpath's counsel by Christopher Ranken in response to a

6    subpoena.  These documents do not contain the unredacted versions of the documents used at

7    Mr. Ranken's deposition in redacted form.  Upon information and belief, the redacted documents

8    had been provided by Mr. Ranken to counsel for Stillpath in unredacted form, and it was counsel

9    for Stillpath who made the redactions to the documents after reviewing the documents in their

10   unredacted form.

11        31.    A true and correct copy of letters received by the County from Avalon J.

12   Fitzgerald, counsel for Stillpath in this matter, dated March 2, 2016 and March 4, 2016 are

13   attached hereto (without any enclosures) as Exhibit Z.

14        32.    On November 15, 2016, I called Mr. Ranken and spoke with him.  I identified

15   myself as counsel for the County in this litigation and told him that I was calling to discuss the

16   scheduling of his continued deposition and to find out if he has any unavailability during the

17   period December 1-16, 2016.  I also told Mr. Ranken that previously he informed us he was not

18   represented by an attorney in this matter and I asked if that was still the case.  Mr. Ranken said

19   that he thought he was represented, but needed to check because he "kind of lost track."  I then

20   asked Mr. Ranken to have his attorney call me back, if he has one, to schedule the deposition.

21        33.    After I did not hear back from Mr. Ranken, I called him again (at the same

22   number I had called before) but no one answered.

23        34.    On December 12, 2016, I sent Mr. Ranken an email asking him to get back to me

24   (through his attorney if he has one) to discuss the date of his continued deposition and to let me

25   know if he would accept service of a deposition subpoena.  I did not receive a response to this

26   email from Mr. Ranken or any attorney purporting to represent him.  A true and correct copy of

27   my December 12, 2016 email to Mr. Ranken is attached hereto as Exhibit AA.

28

35.    A true and correct copy of the Declaration of Due Diligence executed by the process servers who made attempts to serve Christopher Ranken with a deposition subpoena on multiple days and at multiple locations is attached hereto as Exhibit BB.

36.    A true and correct copy of excerpts from the transcript of the January 22, 2014 Planning Commission hearing is attached hereto as Exhibit CC.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct and that this declaration was executed this 27th day of January, 2017, at San Francisco, California.

/s/ Maria Radwick
MARIA RADWICK